**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **GLENN ANDERSON** <br> 17 Scheiber Drive <br> Brick, NJ 08723 <br><br> Plaintiff, <br><br> v. <br><br> **MILACRON INC.** <br> **dba CINCINNATI MILACRON** <br> 4165 Half-Acre Road <br> Batavia, OH 45103 <br><br> <u>Also serve its statutory agent:</u> <br> Corporation Service Company <br> 50 West Broad Street, Suite 1330 <br> Columbus, OH 43215 <br><br> and <br><br> **MILACRON LLC** <br> **dba CINCINNATI MILACRON** <br> 4165 Half-Acre Road <br> Batavia, OH 45103 <br><br> <u>Also serve its statutory agent:</u> <br> Corporation Service Company <br> 50 West Broad Street, Suite 1330 <br> Columbus, OH 43215 <br><br> and <br><br> **THE MILACRON SEVERANCE PLAN,** <br> **a component of the Milacron Employee** <br> **Welfare Benefit Plan** <br> **c/o MILACRON LLC, Plan Administrator** <br> 10200 Alliance Road, Suite 200 <br> Cincinnati, OH 45242 <br><br> Defendants. | Case No.: 1:20-cv-849 <br><br> Judge: <br><br><br><br><br><br> **COMPLAINT WITH JURY** <br> **DEMAND ENDORSED HEREON** |

**PARTIES**

1.  Plaintiff Glenn Anderson ("Mr. Anderson" or "Plaintiff") is a citizen and resident of the State of New Jersey.

2.  Defendant Milacron Inc. is a Delaware corporation with its principal place of business in Cincinnati, Ohio and which also conducts business operations in Batavia, Ohio and Mt. Orab, Ohio.

3.  Defendant Milacron LLC is a Delaware limited liability company that is affiliated with Milacron Inc. with its principal place of business in Cincinnati, Ohio and which also conducts business operations in Batavia, Ohio and Mt. Orab, Ohio. Collectively, Milacron Inc. and Milacron LLC are sometimes referred to in the singular as "Milacron."

4.  Defendant The Milacron Severance Plan, a component of the Milacron Employee Welfare Benefit Plan (the "Plan"), is a welfare plan that is established to provide severance benefits to employees of Milacron and its affiliated entities. A copy of the severance component of the Plan is attached to this Complaint as Exhibit 1. Defendant Milacron is the Plan Administrator of the Plan.

5.  Milacron Inc. and Milacron LLC are both employers as that term is defined by Ohio and federal law relevant to this action.

**JURISDICTION AND VENUE**

6.  This Court has jurisdiction over Counts I, III, IV and V pursuant to 28 U.S.C. § 1331 because they arise under the federal Age Discrimination in Employment Act ("ADEA") and the Employee Retirement Income Security Act ("ERISA").

7. This Court has supplemental jurisdiction over the Ohio law claims asserted in Counts II and VI of this Complaint on the grounds that these claims are so related to the federal claims over which this Court has original jurisdiction that they form the same case or controversy.

8. This Court has personal jurisdiction over all Defendants in this action because their principal places of business are within this district and division.

9. Mr. Anderson timely filed a charge with the Equal Employment Opportunity Commission ("the EEOC") and the EEOC issued him a Notice of Right to Sue letter, which is attached as Exhibit 2. Mr. Anderson brings this action within the time period set forth in that letter.

10. Venue is proper in this district and division pursuant to 29 U.S.C. § 1391(b). Mr. Anderson was employed within this district and division, and the conduct giving rise to his claims occurred within this district and division.

## FACTUAL BACKGROUND

11. Milacron Inc. and Milacron LLC (again collectively, "Milacron") are engaged in the business of manufacturing a wide range of engineered machinery, equipment, and parts for the global plastic processing market, among other businesses.

12. Milacron owns and operates facilities in both Batavia and Mt. Orab, Ohio where it assembles and manufactures plastic processing equipment, including, among other things, industrial screws and barrels for machinery used to manufacture plastic products. Milacron employs approximately 750 total employees in both facilities.

13. Milacron or its predecessors employed Mr. Anderson for a total of approximately 31 years in a variety of executive level positions.

14. Mr. Anderson is 59 years old.

15. Mr. Anderson was a loyal, dedicated, and highly performing employee, just as one would expect of someone who has worked for so many years for the same company.

16. In late 2018, Mr. Anderson was in line for a promotion to Vice President/General Manager for the Americas. His boss at the time, Tom Goeke, CEO, conveyed this information to him in September of 2018, and indicated the job was his.

17. However, in early 2019, Mr. Anderson was shifted to report to another person, Mac Jones, who is substantially younger than Mr. Anderson. Mac Jones was given the Vice President/General Manager role instead of Mr. Anderson.

18. At that time, Mac Jones told Mr. Anderson that instead of the promotion Mr. Goeke intended for him, Mr. Anderson would instead be moved to a different role. He would be named to lead all of the commercial side of the business including the injection, extrusion, structural foam molding, and all aftermarket responsibilities. While the description presented by Mr. Jones suggested it was a leadership position, Mr. Anderson's role actually diminished under Mac Jones' purview and his responsibilities were lessened. No one at Milacron provided Mr. Anderson a legitimate explanation for this change.

19. By the summer of 2019, it became clear that not only was Mr. Anderson not being promoted, but his job was being slowly taken away from him. For example, in August he was told he would not be attending an important trade show, one he had been going to for nearly 30 years. By September, Milacron was packing up Mr. Anderson's physical office in Batavia.

20. On February 7, 2020, Milacron informed Mr. Anderson that his job was being eliminated and that he was therefore terminated.

21. Milacron's justification for not promoting Mr. Anderson was bogus and a pretext for age discrimination. Milacron's stated justification for terminating him – that his job has been

eliminated – is either true, in which case he is entitled to severance payments under the Milacron Severance Plan or, if untrue, is a pretext for age discrimination.

22. Upon information and belief, Milacron replaced Mr. Anderson (or the job duties Mr. Anderson performed were subsequently undertaken by), a substantially younger, far less qualified and experienced employee.

23. As of the time Milacron terminated Mr. Anderson's employment, he was a beneficiary under the Plan.

24. On April 3, 2020, which is within 60 days of the date Mr. Anderson was terminated, Mr. Anderson, through counsel, sent Milacron a letter claiming severance benefits under the Plan and requesting all Plan documents from the Plan. A copy of that letter is attached as Exhibit 3.

25. Per the plan, Milacron was to "consider" and make a decision on Mr. Anderson's claim within 30 days (or, at the most, 120 days if "special circumstances" exist). Milacron has not responded to Mr. Anderson's claim for benefits, nor has it provided him with the Plan documents that he requested.

## COUNT I

**(Age Discrimination in Violation of the
Age Discrimination in Employment Act)**

26. Mr. Anderson realleges the foregoing paragraphs as if fully rewritten herein.

27. Mr. Anderson was 58 years old when Milacron fired him.

28. Milacron was aware of Mr. Anderson's age at the time it fired him.

29. Milacron treated Mr. Anderson worse than similarly situated, substantially younger employees, failed to promote him to a role for which he was the best candidate, and fired him all based upon his age in violation of the Age Discrimination in Employment Act.

5

30. Milacron's failure to promote and subsequent termination of Mr. Anderson permitted the hiring, promotion, and/or retention of substantially younger employees.

31. Milacron's actions were willful, wanton, malicious, and/or in reckless disregard of Mr. Anderson's rights.

32. As a direct and proximate result of Milacron's unlawful discriminatory conduct, Mr. Anderson has been injured and is entitled to recovery.

## COUNT II

### (Age Discrimination in Violation of Ohio Revised Code, Chapter 4112)

33. Mr. Anderson realleges the foregoing paragraphs as if fully rewritten herein.

34. Mr. Anderson was 58 years old when Milacron fired him.

35. Milacron was aware of Mr. Anderson's age at the time it fired him.

36. Milacron treated Mr. Anderson worse than similarly situated, substantially younger employees, failed to promote him to a role for which he was the best candidate, and then fired him all based upon his age in violation of Chapter 4112 of the Ohio Revised Code.

37. Milacron's failure to promote and subsequent termination of Mr. Anderson permitted the hiring, promotion, and/or retention of substantially younger employees.

38. Milacron's actions were willful, wanton, malicious, and/or in reckless disregard of Mr. Anderson's rights.

39. As a direct and proximate result of Milacron's unlawful discriminatory conduct, Mr. Anderson has been injured and is entitled to recovery.

## COUNT III

### (ERISA Section 502(a), against Milacron and the Plan)

40. Mr. Anderson realleges the foregoing paragraphs as if fully rewritten herein.

41. Mr. Anderson was a participant in the Plan, which would provide him with severance benefits upon the termination of his employment in certain circumstances.

42. Mr. Anderson complied with the terms of the Plan in all material respects.

43. Defendants have wrongfully denied benefits due to Mr. Anderson under the Plan in violation of ERISA, 29 U.S.C. § 1132(a).

44. Defendants acted in bad faith and wrongfully denied Mr. Anderson's claim for benefits under the Plan. It refused to even respond to his claim for benefits.

45. Defendants' conduct in disregarding Mr. Anderson's claim for benefits under the Plan was arbitrary, capricious and motivated by their own self-interest, in breach of their fiduciary duties under the Plan and pursuant to ERISA.

46. Mr. Anderson has exhausted all administrative remedies under the terms of the Plan.

47. As a result of Defendants' conduct, Mr. Anderson has suffered damages and is entitled to the severance benefits provided in accordance with the terms of the Plan, as well as interest, his reasonable attorneys' fees in accordance with 29 U.S.C. § 1132(g)(1), and costs.

## COUNT IV

### (ERISA Section 510 against Milacron)

48. Mr. Anderson realleges the foregoing paragraphs as if fully rewritten herein.

49. Defendants violated Section 510 of ERISA by terminating Mr. Anderson with the intent and purpose of interfering with, and depriving him of, the attainment of benefits that he otherwise would have been entitled to under the Plan.

50. Defendants' conduct of interfering with Mr. Anderson's attainment of benefits under the Plan was intentional, malicious and in bad faith.

51. As a result of Defendants' conduct, Mr. Anderson has suffered damages including, but not limited to, the loss of his employment, earnings, fringe benefits and severance benefits under the Plan, as well as interest, his reasonable attorneys' fees and costs.

## COUNT V

### (ERISA Section 502(c), against Milacron and the Plan)

52. Mr. Anderson realleges the foregoing paragraphs as if fully rewritten herein.

53. On March 7, 2020, Mr. Anderson sent Milacron a letter claiming severance benefits under the Plan and requesting all Plan documents from the Plan.

54. Milacron has not responded to Mr. Anderson's claim for benefits, nor has it provided him with the Plan documents that he requested.

55. Pursuant to 29 U.S.C. § 1132(c), Plaintiff seeks penalties of $100 per day for each day greater than 30 days following April 3, 2020 that Milacron and the Plan has failed to provide him with the information he requested or otherwise respond to his claim for benefits.

## COUNT VI

### (Breach of Contract/Employment Agreement)

56. Mr. Anderson realleges the foregoing paragraphs as if fully rewritten herein.

57. If the Plan is not governed by ERISA or pre-emption does not occur, then it is a contractual promise or contract, for which consideration in the form of continued work and employment, was given, and which Milacron has breached by failing to pay Mr. Anderson severance per that Plan/policy.

58. Mr. Anderson has fully performed under any agreement with Milacron.

59. As a direct and proximate result of Milacron's breach of the Employment Agreement, Mr. Anderson has suffered and will suffer damages in an amount to be proved at trial.

**WHEREFORE**, Plaintiff Glenn Anderson demands judgment against Defendants Milacron Inc. Technologies Group LLC, Milacron LLC and the Milacron Severance Plan, a component of the Milacron Employee Welfare Benefit Plan, as follows:

(a) That Defendants be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be awarded all lost pay and benefits;

(c) That Plaintiff be awarded compensatory damages including emotional distress damages;

(d) That Plaintiff be awarded all lost severance benefits to which he is entitled under the terms of the Plan;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded pre-judgment interest;

(g) That Plaintiff be awarded reasonable attorneys' fees and costs;

(h) That Plaintiff be awarded the maximum penalty permitted by 29 U.S.C. § 1132(c) for its failure to provide requested Plan documents and respond to his claim for benefits; and

(i) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

## JURY DEMAND

Plaintiff Glenn Anderson hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ David A. Eberly
David A. Eberly (0067007)
Eberly McMahon Copetas LLC
2245 Gilbert Ave., Suite 101
Cincinnati, OH 45206
513-533-1151
513-533-3554 Fax
deberly@emclawyers.com
Counsel for Plaintiff Glenn Anderson