UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GLENN ANDERSON | : |
| | : Case No. 1:20-cv-849 |
| Plaintiff, | : |
| | : Judge McFarland |
| v. | : |
| | : |
| MILACRON INC. dba CINCINNATI MILACRON, et al. | : |
| | : |
| Defendants. | : |

### DEFENDANTS' ANSWER TO COMPLAINT WITH JURY DEMAND

Now come the Defendants Milacron Inc. dba Cincinnati Milacron,[1] Milacron LLC dba Cincinnati Milacron and The Milacron Severance Plan ("Defendants") and for their Answer to the Complaint state as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and on that basis deny the allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants admit that Milacron LLC is a Delaware limited liability company with its principal place of business in Cincinnati Ohio and operations in the Batavia and Mt. Orab, Ohio areas. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

---

[1] Milacron Inc does not exist. It was dissolved in 2012.

1

6. Defendants admit that this Court has jurisdiction but deny the remaining allegations in paragraph 6 of the Complaint.

7. Defendants admit that this Court has jurisdiction but deny the remaining allegations in paragraph 7 of the Complaint.

8. Defendants admit that the Court has jurisdiction over Milacron LLC and The Milacron Severance Plan. Defendants deny that this Court has jurisdiction over Milacron Inc, because it does not exist. Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis deny the allegations in paragraph 9 of the Complaint.

10. Defendants admit that venue is proper but deny the remaining allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants incorporate their responses to paragraphs 1 through 25 in response to paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants incorporate their responses to paragraphs 1 through 32 in response to paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants incorporate their responses to paragraphs 1 through 39 in response to paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants incorporate their responses to paragraphs 1 through 47 in response to paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants incorporate their responses to paragraphs 1 through 51 in response to paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants incorporate their responses to paragraphs 1 through 55 in response to paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in the WHEREFORE paragraph of the Complaint, including subparagraphs (a)-(i), and specifically deny that Plaintiff is entitled to any of the relief sought.

61. Defendants deny each and every allegation not specifically admitted herein.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to mitigate damages, if any.

## THIRD DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by offset, payment, or compensation and benefits received by Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because there was an overriding legitimate business justification for Defendants' decisions.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants applied their business judgment, acted at all times in good faith, and had legitimate, non-discriminatory reasons for any employment actions that were unrelated to Plaintiff's age.

## SIXTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Defendants treated Plaintiff lawfully and in good faith compliance with all applicable rules, regulations, and laws.

**SEVENTH DEFENSE**

Pleading in the alternative, to the extent that Plaintiff is able to prove to the satisfaction of the trier-of-fact that any improper motive was a factor in relevant employment decisions, Defendants would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release and/or unclean hands.

**NINTH DEFENSE**

Plaintiff's claim for punitive damages is barred to the extent that the amount sought may violate substantive and procedural safeguards guaranteed to Defendants by the United States and Ohio constitutions.  Plaintiff's claim for punitive damages is further barred to the extent that the imposition of such damages is not rationally related to, or is grossly excessive in relation to, legitimate federal and state interests.  Regardless, Defendants have made good faith efforts to comply with the law, thereby precluding recovery of such damages.

**TENTH DEFENSE**

To the extent Plaintiff suffered any damages or losses for which he seeks to hold Defendants responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct, or omissions of third parties.

**ELEVENTH DEFENSE**

Defendants made reasonable and good faith efforts to comply with state and federal discrimination, retaliation, and other laws.  Although no unlawful discrimination, retaliation or other actions occurred, any alleged unlawful actions were contrary to Defendants' good faith efforts to comply with state and federal laws.

### TWELFTH DEFENSE

Plaintiff's Complaint must be dismissed to the extent Plaintiff's claims are untimely and/or barred, in whole or in part, by the applicable statutes of limitation.

### THIRTEENTH DEFENSE

Plaintiff's claims for damages must be barred or limited to the extent after-acquired evidence demonstrates that Plaintiff engaged in conduct which would have otherwise resulted in termination of employment.

### FOURTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff has failed to utilize and exhaust available administrative remedies, satisfy any prerequisites to suit, and/or to the extent the claims are barred by the election of remedies doctrine.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred to the extent the claims may be beyond the scope of the underlying EEOC charge, are not like, or related to, said charge, and/or were not investigated or reasonably could have been investigated by the EEOC as a result of the charge.

### SIXTEENTH DEFENSE

Some or all of Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.

### SEVENTEENTH DEFENSE

Plaintiff's claims fail for failure and/or lack of consideration.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part due to failure to exhaust applicable administrative remedies as required under ERISA and the governing plan documents.

**NINETEENTH DEFENSE**

To the extent that Plaintiff's claims relate to employee benefits plan(s), such plans are written documents and are the best evidence of their contents, conditions, coverages, exclusions, limitations, and all other matters pertaining thereto, and Defendants plead said plan or plans as a complete defense to Plaintiff's claims herein.

**TWENTIETH DEFENSE**

Plaintiff's Complaint fails in whole or in part to state claims upon which relief can be granted against Defendants because Plaintiff has not alleged and cannot show that Defendants had the specific intent to engage in prohibited conduct or that they took employment action meant specifically to interfere with any benefits.

**TWENTY-FIRST DEFENSE**

Plaintiff is liable to Defendants for their attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

**TWENTY-SECOND DEFENSE**

Plaintiff has failed to satisfy all the conditions precedent, subsequent and/or concurrent to the receipt of benefits under the Severance Plan.

**TWENTY-THIRD DEFENSE**

The decisions regarding Plaintiff's claims for benefits under the terms of the Severance Plan were correct, proper, reasonable and in accordance with the terms of the plan.

All determinations made with respect to any claim for severance were in accordance with the terms and conditions of the Severance Plan.

## TWENTY-FOURTH DEFENSE

Any decisions regarding any claim for severance or other benefits were not made in an arbitrary and/or capricious manner and did not constitute an abuse of discretion.

## TWENTY-FIFTH DEFENSE

Defendants reserve the right to assert such other defenses and affirmative defenses as may arise during the course of this litigation.

Wherefore having fully answered Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice, award Defendants their costs and fees and award Defendants such other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Patricia Anderson Pryor*
Patricia Anderson Pryor (0069545)
Robert D. Shank (0069229)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
pryorp@jacksonlewis.com
robert.shank@jacksonlewis.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of December, 2020, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be delivered to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      */s/ Patricia Pryor*
                                      Patricia Pryor

4827-1678-6131, v. 1